DONALD F. ZIMMER, JR. (SBN 112279)
  *fzimmer@kslaw.com*
WILLIAM E. STEIMLE (SBN 203426)
  *wsteimle@kslaw.com*
**KING & SPALDING LLP**
101 Second Street, Suite 2300
San Francisco, CA  94105
Telephone:  +1 415 318 1200
Facsimile:  +1 415 318 1300

Attorneys for Defendants
COLOPLAST CORP. and COLOPLAST MANUFACTURING US, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY WESTGATE,<br><br>             Plaintiff,<br><br>      v.<br><br>COLOPLAST CORP., a Delaware Corporation; COLOPLAST A/S; COLOPLAST MANUFACTURING US, LLC, a Minnesota corporation; and DOES 1 through 10, inclusive,<br><br>             Defendants. | Case No.: 2:18-cv-03431-DSF-RAO<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS COLOPLAST CORP.'S AND COLOPLAST MANUFACTURING US, LLC'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)**<br><br>Date:         September 10, 2018<br>Time:         1:30 p.m.<br>Judge:        Hon. Dale S. Fischer<br>Courtroom: 7D |

1

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff filed this product liability action alleging that she sustained injury as a result of being implanted with an Altis Single Incision Sling, a surgical mesh device for treatment of stress urinary incontinence manufactured by Coloplast Corp. and Coloplast Manufacturing US, LLC (collectively, "Coloplast").  First Amended Complaint for Damages ("Amended Complaint") Doc. 18, attached as **Exhibit A** to the Declaration of William E. Steimle, ¶¶ 20, 52.  Plaintiff's causes of action for common law fraud, negligent misrepresentation, and violation of consumer fraud and deceptive trade practices laws fail to state facts sufficient to constitute a cause of action and should be dismissed for the following reasons.

First, plaintiff's causes of action for fraud (5th count), negligent misrepresentation (6th count), and violation of state consumer fraud and deceptive trade practices laws (7th count) lack the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure.  Plaintiff merely alleges that Coloplast made misrepresentations regarding the safety of its surgical mesh devices.  Plaintiff, however, fails to allege the substance of these representations, who made them, when and how they were made, or any other specific facts necessary to plead a cause of action for fraud or negligent misrepresentation.  Without these details, Plaintiff's fraud and negligent misrepresentation counts lack the required specificity and must be dismissed.

Second, plaintiff's allegations of concealment within her fraud-based causes of action also fail because the Amended Complaint alleges no facts establishing that Coloplast owed a duty of disclosure to plaintiff such that nondisclosure could be considered fraudulent.  Absent allegations of a fiduciary or transactional relationship between plaintiff and Coloplast, no duty of disclosure exists for a cause of action for concealment.  Not only do plaintiff's allegations fail to identify any fiduciary or transactional relationship between plaintiff and Coloplast, but plaintiff alleges that the Altis sling implanted in her was distributed to and used by

plaintiff's physicians, which is an admission that no such fiduciary or transactional relationship exists between plaintiff and Coloplast. Absent the required fiduciary or transactional relationship between the parties, plaintiff is erroneously attempting to turn ordinary failure to warn allegations into a claim for fraudulent concealment.

Finally, plaintiff's seventh count for violation of California's unfair competition law – Business and Professions Code §§ 17200 and 17500 ("UCL") – fails because plaintiff cannot meet the UCL's standing requirement. Plaintiff lacks standing because she cannot plausibly allege that she relied upon a misrepresentation by Coloplast in choosing the sling to be implanted during her pelvic surgery. There is no reasonable possibility that plaintiff can remedy this lack of standing because, in the medical device context, it is the physician – not the patient – who makes the decision to use a particular medical device.

Accordingly, Coloplast respectfully requests the Court to grant this Motion to Dismiss plaintiff's causes of action for fraud, negligent misrepresentation, and violation of the UCL pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     ARGUMENT

### A.     Legal Standard

Dismissal for insufficiency of a complaint is proper under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to state a claim on its face, because it lacks either a cognizable legal theory or facts sufficient to support a cognizable legal claim. *See Johnson v. Riverside Healthcare Sys. LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008); see also *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009), citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**B. Plaintiff's Causes of Action for Fraud, Negligent Misrepresentation, and Violation of the State Consumer Fraud and Deceptive Trade Practices Laws Lack the Specificity Required by Rule 9(b)**

Claims for fraud and negligent misrepresentation must meet the heightened pleading standard of Rule 9(b), which requires a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To meet this particularity requirement, a party must plead the "who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). "For corporate defendants, a plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.*, 117 F. Supp. 3d 1092, 1107 (C.D. Cal. 2015). This heightened standard also applies to claims for negligent misrepresentation (see *id.* at 1106; *Jeraffi, et al. v. Wells Fargo Home Mortgage, et al.*, 2015 WL 12802549 at *2 (C.D. Cal. 2015)), as well as allegations of fraudulent concealment. See *Suckow Borax Mines Consol. v. Borax Consol.*, 185 F.2d 196, 209 ("[A]ppellants' bare allegation of 'fraudulent concealment' is but a conclusion of law which falls far short of the particularity of statement required by Rule 9(b).")

Plaintiff fails to provide any factual support for her bare legal allegations that Coloplast made fraudulent or negligent misrepresentations. Instead she alleges only generally that Coloplast "falsely and fraudulently represented to Plaintiff, her physicians and her other healthcare providers, to the medical and healthcare communities, and to the public that transvaginal mesh had been tested and had been determined to be safe and effective to treat pelvic organ prolapse and stress urinary incontinence." See Amended Complaint, Doc. 18, ¶ 114, p. 27:26 – 28:2. Plaintiff repeats variations on this theme throughout the Amended Complaint, but nowhere does she assert the specific facts required to plead fraud. She does not

4
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

identify the specific content of the alleged misrepresentations or where or when each such representation was made.  Similarly, plaintiff fails to identify the persons who made the representations, instead stating only that "Defendants" made them.  See, e.g., Amended Complaint (Doc. 18), ¶ 114, p. 27:26 – 28:2.  Therefore, this Court should grant Coloplast's motion to dismiss plaintiff's fifth and sixth counts for fraud and negligent misrepresentation.

Similarly, plaintiff's seventh cause of action for violation of state consumer fraud and deceptive trade practices laws should be dismissed because it also sounds in fraud and it fails to allege the required facts with particularity.  "State-law claims are subject to Rule 9(b)'s heightened pleading requirement to the extent the factual underpinnings of those claims are grounded in fraud, even if the word 'fraud' is not used."  *Weeks v. Mead Johnson Nutrition Company*, 2010 WL 11515196 at *2 (C.D. Cal. 2010) (internal quotation marks omitted), citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).  Plaintiff's seventh cause of action not only uses the word "fraud" repeatedly, but plaintiff expressly bases this claim on an allegation of Defendants "knowingly and falsely representing that the Pelvic Mesh product was fit to be used for the purpose for which it was intended, when in fact the Pelvic Mesh product was defective and dangerous."  Amended Complaint (Doc. 18), ¶ 150, p. 35:7-11.  As such, this claim sounds in fraud and is subject to the heightened pleading requirements of Rule 9(b).  As noted above, however, nowhere in her Amended Complaint does plaintiff provide the required specificity.  Accordingly, the Court should also dismiss plaintiff's seventh cause of action for violation of state consumer fraud and deceptive trade practices laws.

### C. Plaintiff's Concealment Allegations Also Fail to Allege Facts Giving Rise to a Duty to Disclose on the Part of Coloplast

To state a cause of action for fraudulent concealment, the defendant must have been under a duty to disclose some fact to the plaintiff, such that the failure to

do so can be deemed actionable fraud. *Hahn v. Mirda*, 147 Cal.App.4th 740, 745 (2007).[1]  "There are 'four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts.'" *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997) (internal citation omitted).  While the latter three scenarios do not require a fiduciary relationship, they do require "the existence of some other relationship between the plaintiff and defendant in which a duty to disclose can arise." *Id*. at 336-37.  "[S]uch a relationship can *only* come into being as a result of some sort of *transaction* between the parties." *Id*. at 337 (first emphasis added, second emphasis in original).  Absent such a duty to disclose based on a fiduciary or transactional relationship, a plaintiff could aggrandize any ordinary negligence or strict liability failure to warn claim into one for fraudulent concealment.  Therefore, the law requires the existence of a fiduciary or transactional relationship between the plaintiff and the defendant before an alleged nondisclosure may rise to the level of fraudulent concealment.

    Plaintiff does not — and cannot — allege any fiduciary relationship between Coloplast and herself and she does not — and cannot — allege facts establishing any transaction between Coloplast and herself.  Not only does plaintiff fail to

---

[1] The elements of an action for fraud based on concealment are as follows: (1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the material fact to the plaintiff; (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or she knew of the concealed or suppressed fact; and (5) the concealment or suppression of the fact caused the plaintiff damage. *Marketing West, Inc. v. Sanyo Fisher (USA) Corp*., 6 Cal.App.4th 603, 612-13 (1992).

identify any such relationship, but plaintiff affirmatively alleges that the transaction concerning the product at issue was between Coloplast and plaintiff's physician, not plaintiff. Amended Complaint (Doc. 18), ¶ 53, p. 16:2-5 ("The Transvaginal Mesh implanted into Plaintiff was … marketed, distributed, and sold by Defendants, in and from Minneapolis, Minnesota, to be used by surgeons throughout the United States, including California…."). Thus, plaintiff admits that no such fiduciary or transactional relationship exists and, thus, no duty exists. Plaintiff is improperly attempting to recast her negligence and strict liability failure to warn claims as fraudulent concealment. Accordingly, plaintiff's fraud-based causes of action asserting concealment also fail for this independent reason.

### D. Plaintiff Lacks Standing to Assert an Unfair Competition Law Claim

Plaintiff's UCL claim (7th count) is premised on the allegation that Coloplast made incomplete warnings or misrepresentations that in some unstated way induced plaintiff to have the Altis Single Incision Sling implanted during her pelvic surgery. But there is no reasonable possibility that plaintiff will be able to plead the requisite "but for" reliance necessary for standing in a UCL action, because it is the learned intermediary (*i.e.*, the physician) — not the patient — who makes the decision regarding which medical device to use. Therefore, plaintiff's claims against the manufacturer of an implantable medical device fall outside the permissible scope of the UCL as those statutes are intended to regulate conduct directed at consumers. *See Salenga v. Mitsubishi Motors Credit of Am., Inc.*, 183 Cal.App.4th 986, 1001 (2010); *see also Nelson v. Pearson Ford Co.*, 186 Cal.App.4th 983, 1021 (2010); *In re Vioxx Class Cases*, 180 Cal.App.4th 116, 129-131 (2009). Indeed, in the context of implantable medical devices, the learned intermediary doctrine requires that medical device manufacturers provide warnings only to physicians and there is no duty to warn patients (*i.e.*, consumers) directly.

*Valentine v. Baxter Healthcare Corp.*, 68 Cal.App.4th 1467, 1483 (1999), citing *Carlin v. Superior Court*, 13 Cal. 4th 1104, 1116, 1118 (1996).

Although California courts have not been asked to apply the learned intermediary doctrine specifically within the context of UCL claims, the courts of other states have determined that the doctrine necessarily precludes claims brought under their analogous consumer protection laws. *See, e.g.*, *Heindel v. Pfizer, Inc.* 381 F.Supp.2d 364, 384 (D.N.J. 2004) ("[T]o permit a cause of action under the [Pennsylvania consumer protection law] in this case would effectively make a drug manufacturer the absolute guarantor of the anticipated results and effects of a prescription drug."); *In re Norplant Contraceptive Prods. Liab. Litig.* 955 F.Supp. 700 (E.D. Tex. 1997) (holding that learned intermediary doctrine precluded claim under Texas consumer statute). Similarly, the Supreme Court of West Virginia held:

> Prescription drug cases are not the type of private causes of action contemplated under the terms and purposes of the [consumer protection act] because the consumer can not and does not decide what product to purchase. . . . The intervention by a physician in the decision-making process necessitated by his or her exercise of judgment whether or not to prescribe a particular medication, protects consumers in ways respecting efficacy that are lacking in advertising campaigns for other products. . . . [T]he high degree of federal regulation of prescriptive drug products attenuates the effect product marketing has on a consumer's prescriptive drug purchasing decision. This Court has previously taken into account the high degree of federal regulation when deciding a [consumer protection act] case. Additionally . . . there is a strong argument that the scope of consumer protection acts was never meant to include FDA-approved drugs. The clear public policy behind these provisions is that consumer protection laws were meant to fill a gap by protecting consumers where product safety was not already closely monitored and regulated by the government. Accordingly, for the reasons stated above, we find that the private cause of action afforded consumers under [the consumer protection act] does not extend to prescription drug purchases.

*White v. Wyeth*, 705 S.E.2d 828, 838 (W. Va. 2010) (internal quotations and citations omitted). The same analysis applies here as California law is clear that an implantable medical device manufacturer's duty to warn extends only to the doctor, and not to the patient, and because the intervention by a physician is

8
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

necessary for a patient to be implanted with such a medical device.  Thus, as other states have determined, the learned intermediary doctrine precludes the actual "but for" reliance necessary to assert a UCL claim in California.

## III.   CONCLUSION

For the foregoing reasons, Coloplast respectfully requests the Court to grant its motion to dismiss plaintiff's fifth, sixth, and seventh causes of action for common law fraud, negligent misrepresentation, and violation of the California UCL, respectively.

DATED:  August 2, 2018               **KING & SPALDING LLP**

By: /s/ William E. Steimle
Donald F. Zimmer, Jr.
William E. Steimle

Attorneys for Defendants
COLOPLAST CORP. and
COLOPLAST MANUFACTURING US, LLC

**CERTIFICATE OF SERVICE**

The undersigned counsel for Defendants hereby certifies that a true and correct copy of the foregoing document was filed with the Court and served electronically through the CM-ECF (electronic case filing) system to all counsel of record to those registered to receive a Notice of Electronic Filing for this case on August 2, 2018.

/s/ William E. Steimle
William E. Steimle

Attorney for Defendants
COLOPLAST CORP. AND
COLOPLAST MANUFACTURING
US, LLC