UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY WESTGATE,<br>　　　　Plaintiff,<br><br>　　　　　v.<br><br>COLOPLAST CORP. et al.,<br>　　　　Defendants. | CV 18-3431 DSF (RAOx)<br><br>Order GRANTING<br>Defendants' Motion to Dismiss<br>(Dkt. 31) |

　　Defendants Coloplast Corp. and Coloplast Manufacturing US, LLC move to dismiss the Fifth, Sixth, and Seventh Counts of Plaintiff Corey Westgate's Second Amended Complaint. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The motion is GRANTED.

## I.　FACTS

　　Defendants manufacture, market, and sell transvaginal mesh products, including the Altis Single Incision Sling, comprised of a synthetic, petroleum-based polypropylene mesh material. Dkt. 29, Second Am. Compl. (SAC) ¶¶ 14, 20. Defendants obtained clearance for the Altis device on November 5, 2012. Id. ¶ 35. The device is intended to treat stress urinary incontinence and prolapse. Id. ¶ 53.

　　On July 13, 2011, the FDA issued a warning regarding serious complications associated with Defendants' transvaginal

mesh.  Id. ¶ 37.  Nevertheless, Defendants continued to market and sell their products to the medical community, offering exaggerated and misleading expectations as to their safety and utility.  Id. ¶¶ 40-44.

A November 2012 article from Coloplast, which appeared in multiple publications (including PR Newswire), stated regarding the Atlis Single Incision Sling device: "[i]nnovative, single incision sling system implants the lightest single incision mesh while still providing strength, security and adjustability; minimizes risk of complications and potential patient recovery time."  Id. ¶ 35.  The same article stated Atlis was "a sling that accommodates individual patient autonomy, provides easier implantation and delivers optimal urethral support."  Id.

In November 2013, Plaintiff underwent a medical procedure during which Defendants' Altis Single Incision Sling was implanted.  Id. ¶ 56.  As a result, Plaintiff has suffered severe and permanent injuries.  Id. ¶ 58.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted.  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  St. Clare v. Gilead Scis., Inc., 536 F.3d 1049, 1055 (9th Cir. 2008).  A complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Allegations of fraud are excepted from the "notice pleading" standard of Rule 8(a)(2). Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 513 (2002).

> Rule 9(b) requires that, when fraud is alleged, a party must state with particularity the circumstances constituting fraud. Where fraud is not an essential element of a claim, only those allegations of a complaint which aver fraud are subject to Rule 9(b)'s heightened pleading standard. Any averments which do not meet that standard should be disregarded, or stripped from the claim for failure to satisfy Rule 9(b). . . . Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word fraud is not used).
>
> Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged. A party alleging fraud must set forth more than the neutral facts necessary to identify the transaction.

Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (alterations omitted) (citations omitted). In addition, claims that fall under Rule 9(b) must meet Iqbal's plausibility standard.

Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1055 (9th Cir. 2011).

## III. DISCUSSION

### A. Fraud Allegations (Fifth, Sixth[1], and Seventh Counts)

Defendants move to dismiss Plaintiff's fraud-based claims because they lack the specificity required by Federal Rule of Civil Procedure (Rule) 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). The allegation must set forth "what is false or misleading about a statement, and why it is false." Id. (quoting Decker v. GlenFed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994)).

In the Court's previous Order granting Defendants' motion to dismiss Plaintiff's fraud-based claims, the Court held that Plaintiff's allegations failed to meet the requirements of Rule 9(b) because Plaintiff failed to identify the particular circumstances surrounding Defendants' allegedly fraudulent representations. See Dkt. 27 (citing Kearns, 567 F.3d at 1125-26). Further, the Court held that Plaintiff failed to allege with particularity the role(s) of each Defendant in the alleged fraudulent conduct. See id. (citing Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007)).

Plaintiff did not remedy the issues the Court identified. Plaintiff now alleges one specific statement that could potentially subject Defendants to liability—the statement made by Coloplast

---

[1] A cause of action for negligent misrepresentation sounds in fraud. Daniels v. Select Portfolio Servicing, Inc., 246 Cal. App. 4th 1150, 1166 (2016).

4

in its November 2012 article.  See SAC ¶ 35.  Acknowledging that this statement is sufficiently specific, Defendant argues Plaintiff still fails to meet the requirements of Rule 9(b), i.e., Plaintiff fails to allege what was false about the statement, and fails to allege that she, or her surgeon, read and relied on the statement.

Plaintiff argues the SAC demonstrates that three statements made by Coloplast in its November 2012 article are false: (1) that the Atlis sling "minimizes [the] risk of complications," (2) that it "accommodates individual patient anatomy," and (3) that it "delivers optimal urethral support."  Opp'n at 5 (quoting SAC ¶ 35).  Plaintiff argues Paragraph 22 of the SAC—which states that "[Coloplast's claims] that polypropylene mesh is inert, [are] false and directly refuted by scientific evidence"—clearly articulates what is false about Plaintiff's statement.  Id. at 4-5.

The Court disagrees.  Defendants' alleged statements in the November 2012 article are not clearly contradicted by paragraph 22 of the SAC.  Plaintiff presents no specific statement by Defendants where they asserted that polypropylene mesh is inert—and this fact does not directly contradict any of the three statements in Coloplast's November 2012 article that Plaintiff alleges are false.

In any event, with respect to the November 2012 statement, Plaintiff also fails to allege specific facts indicating she or her physician read and relied on this particular statement by Defendants, despite the Court's order pointing out this deficiency throughout her FAC.  See Dkt. 27 at 4.

Plaintiff's new allegations of Defendants' false statements also fail to meet the Rule 9(b) particularity requirements.  See SAC ¶ 22 (comparing scientific studies of polypropylene mesh with "claims by Defendants to the public at large, through direct to consumer advertising and patient brochures" saying

5

polypropylene mesh is inert); id. ¶ 39 (alleging "public claims by Defendants in various news outlets during the relevant time period that polypropylene mesh is inert"); id. ¶ 40 (describing "carefully planned, multifaceted marketing campaigns and strategies" that used materials that offered "exaggerated and misleading expectations as to the safety and utility of the vaginal mesh products"); id. ¶ 53 (describing "patient brochures" and "medical literature targeted toward physicians").

In addition, Plaintiff's pleading of fraud "on information and belief" does not meet the requirements of Rule 9(b). Id. ¶ 41. "[T]he general rule that allegations of fraud based on information and belief do not satisfy Rule 9(b) may be relaxed with respect to matters within the opposing party's knowledge." Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993). "However, this exception does not nullify Rule 9(b); a plaintiff who makes allegations on information and belief must state the factual basis for the belief." Id. To meet the requirements of Rule 9(b), Plaintiff must plead matters outside Defendants' knowledge with particularity. Plaintiff alleges that the full scope of Defendants' misrepresentations is known only to Defendants. The argument misses the point. Plaintiff need not allege the full scope of Defendants' alleged fraud – only the specific statements relied on by Plaintiff or her implanting physician that prevented Plaintiff "from having a thorough and detailed informed consent discussion" before her implant procedure, for example. Those misrepresentations are exclusively within Plaintiff's knowledge.

Plaintiff has failed to plead her fraud-based claims with sufficient particularity. Defendants' motion to dismiss Plaintiff's Fifth, Sixth, and Seventh Counts is granted.

## B. Concealment Theory of Liability (Fifth, Sixth, and Seventh Counts)

A theory of fraud by concealment under California law requires a plaintiff to "establish that [defendant] was under a legal duty to disclose" the allegedly concealed information. Lingsch v. Savage, 213 Cal. App. 2d 729, 735 (1963). A duty to disclose may exist "(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts." LiMandri v. Judkins, 52 Cal. App. 4th 326, 336 (1997) (quoting Heliotis v. Schuman, 181 Cal. App. 3d 646, 651 (1986)).

Where a fiduciary relationship does not exist, the latter three circumstances may apply. These three circumstances "presuppose[ ] the existence of some other relationship between the plaintiff and defendant in which a duty to disclose can arise." Id. at 336-37. "[S]uch a relationship can only come into being as a result of some sort of *transaction* between the parties," e.g., "seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual agreement." Id. at 337; see also Deteresa v. Am. Broad. Cos., 121 F.3d 460, 467 (9th Cir. 1997) (affirming district court's grant of summary judgment on fraudulent concealment claim because plaintiff "presented no evidence that she and [defendant] shared the requisite relationship").

The SAC alleges "Defendants had a duty to disclose to Plaintiff . . . the defective nature of transvaginal mesh . . . ." SAC ¶ 123. Defendants argue that the SAC fails to allege a fiduciary or transactional relationship between Plaintiff and Defendants, despite clear instruction from the Court regarding defects in

7

Plaintiff's First Amended Complaint. Plaintiff argues there exists a duty to disclose where a defendant is in exclusive knowledge of a defect. However, because Plaintiff fails to allege a fiduciary or transactional relationship, she has not demonstrated that Defendants had a duty to disclose due to their exclusive knowledge of a defect. See Deteresa, 121 F.3d at 467.

Plaintiff also argues, citing Bigler-Engler v. Breg, Inc., 7 Cal. App. 5th 276, 312-13 (2017), that "even absent a fiduciary relationship, some statements can be so misleading that they create a duty to disclose." But Bigler-Engler expressly holds that a fiduciary or transactional relationship is required for a duty to disclose in concealment actions, and states that "[s]uch a transaction must necessarily arise from direct dealings between the plaintiff and the defendant; it cannot arise between the defendant and the public at large." Bigler-Engler, 7 Cal. App. 5th at 311. Bigler-Engler also provides that "an affirmative statement may be so misleading that it may give rise to a fraud cause of action even where the relationship or transaction would be insufficient to give rise to a generalized duty to disclose." Id. at 312. Because the defendant did not make any direct statements to the plaintiff, and the plaintiff did not receive any statements directly from the defendant, the court concluded this exception did not apply. Id.

The SAC does not adequately plead a fiduciary or transactional relationship between Plaintiff and Defendants. Plaintiff failed to cure the defects identified by the Court in its previous order. See Dkt. 27, at 7-8. There is no allegation that Defendants made any affirmative statement to Plaintiff or that Plaintiff indirectly received any statements by Defendants. All that is alleged is that Defendants made statements that were accessible to the public-at-large. See SAC ¶ 44. Plaintiff has

again failed to plead sufficient facts to demonstrate Defendants made an affirmative statement to Plaintiff.

## IV. CONCLUSION

Defendants' motion to dismiss Plaintiff's Fifth, Sixth, and Seventh Counts is GRANTED with leave to amend one additional time. An amended complaint may be filed and served no later than January 7, 2019. The Court does not grant leave to add new defendants or new claims. Leave to add defendants or claims must be sought by a separate, properly noticed motion. Plaintiff must submit to the chambers email a "red-lined" version of the amended complaint and must also submit the mandatory paper chambers copy.

IT IS SO ORDERED.

Date: December 3, 2018

Dale S. Fischer
United States District Judge