DONALD F. ZIMMER, JR. (SBN 112279)
 *fzimmer@kslaw.com*
WILLIAM E. STEIMLE (SBN 203426)
 *wsteimle@kslaw.com*
**KING & SPALDING LLP**
101 Second Street, Suite 2300
San Francisco, CA  94105
Telephone:  +1 415 318 1200
Facsimile:   +1 415 318 1300

Attorneys for Defendants
COLOPLAST CORP. and COLOPLAST
MANUFACTURING US, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY WESTGATE,<br><br>         Plaintiff,<br><br>     v.<br><br>COLOPLAST CORP., a Delaware Corporation; COLOPLAST A/S; COLOPLAST MANUFACTURING US, LLC, a Minnesota corporation; and DOES 1 through 10, inclusive,<br><br>         Defendants. | Case No.: 2:18-cv-03431-DSF-RAO<br><br>**DEFENDANTS COLOPLAST CORP.'S AND COLOPLAST MANUFACTURING US, LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

Defendants Coloplast Corp. and Coloplast Manufacturing US, LLC

(collectively, "Coloplast") hereby answers the Second Amended Complaint for

Damages[1] (the "SAC") filed by plaintiff Corey Westgate ("Plaintiff") as follows:

---

[1] This Court granted Defendants Coloplast Corp. and Coloplast Manufacturing US, LLC's Motion to Dismiss Certain Counts from the Second Amended Complaint Pursuant to F.R.C.P. 12(b)(6) [ECF No. 31], dismissing the Fifth, Sixth, and Seventh Counts of the Second Amended Complaint [ECF No. 37].  As such, this Answer to Plaintiff's Second Amended Complaint for Damages answers only the remaining counts.  To the extent a response is deemed necessary, Coloplast denies each and every allegation in the Fifth, Sixth, and Seventh Counts of the Second Amended Complaint.

1

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

## GENERAL DENIAL

Coloplast denies each and every thing, fact, matter, and allegation set forth in the SAC except as herein qualified, admitted, or otherwise explained. Coloplast presumes that the caption, title, and headings in the SAC are intended to be non-substantive and do not require specific responses; to the extent that they are intended to be substantive allegations, Coloplast hereby denies all such assertions. In further response to the numbered allegations contained in the SAC, Coloplast states as follows:

## PARTIES

1.     Coloplast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 1 of the SAC and therefore denies the same.  Coloplast denies the allegations in the second sentence of paragraph 1 of the SAC.

2.     Coloplast admits that Coloplast A/S is a foreign corporation with its principal place of business in Denmark.  Coloplast denies any remaining allegations in paragraph 2 of the SAC.[2]

3.     Coloplast admits that Coloplast Corp. is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 1601 West River Road, Minneapolis, Minnesota and that it is a wholly-owned

---

[2] Coloplast further states that Coloplast admits that Plaintiff voluntarily dismissed her causes of action against Coloplast A/S pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), without prejudice, on September 11, 2018. Dkt. 28. Coloplast A/S is therefore not a party to this action.

2

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

subsidiary of Coloplast A/S.  Coloplast denies the remaining allegations in paragraph 3 of the SAC as stated.

4.     Coloplast admits Coloplast Manufacturing US, LLC is a limited liability company with Coloplast Corp. as its principal member.  Coloplast denies the remaining allegations in paragraph 4 of the SAC as stated.

5.     The allegations in paragraph 5 of the SAC are insufficiently precise to allow a specific admission or denial.  The SAC does not define the term "transvaginal mesh products" and therefore Coloplast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 of the SAC.  To the extent a response is required, Coloplast Manufacturing US, LLC denies the allegations as stated. By way of further statement,  Coloplast Corp. states that it generally packaged, labeled, marketed, sold and distributed certain medical devices to treat pelvic organ prolapse and/or stress urinary incontinence.. Coloplast denies the remaining allegations in paragraph 5 of the SAC as stated.

6.     Coloplast denies the allegations in paragraph 6 of the SAC that allege any wrongdoing by or liability on the part of Coloplast.  The remaining allegations in paragraph 6 of the SAC set forth the legal conclusions of the pleading party for which no response is required.  To the extent a response is required, Coloplast denies the remaining allegations in paragraph 6 of the SAC.

7.      Paragraph 7 of the SAC does not contain allegations of fact and therefore no response is required.  To the extent a response is required, Coloplast

3

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

denies the allegations in paragraph 7 of the SAC.  Coloplast further states that no part of this Answer is submitted on behalf of any entity other than Coloplast Corp. and Coloplast Manufacturing US, LLC.

8.      Paragraph 8 of the SAC does not contain allegations of fact and therefore no response is required.  To the extent a response is required, Coloplast denies the allegations in paragraph 8 of the SAC.  Coloplast further states that no part of this Answer is submitted on behalf of any entity other than Coloplast Corp. and Coloplast Manufacturing US, LLC.

## JURISDICTION AND VENUE

9.      The allegations in paragraph 9 of the SAC set forth the legal conclusions of the pleading party for which no response is required.  To the extent a response is required, Coloplast denies the allegations in paragraph 9 of the SAC.

10.     The allegations in paragraph 10 of the SAC set forth the legal conclusions of the pleading party for which no response is required.  To the extent a response is required, Coloplast denies the allegations in paragraph 10 of the SAC.

11.     The allegations in paragraph 11 of the SAC are insufficiently precise to allow a specific admission or denial.  To the extent a response is required, Coloplast Manufacturing US, LLC denies the allegations in paragraph 11 of the SAC as stated.  Coloplast Corp. admits that it generally packaged, labeled, marketed, sold and distributed certain medical devices in the United States, including California.  Coloplast lacks sufficient knowledge or information to form

4

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

a belief as to the truth of the remaining allegations in paragraph 11 of the SAC and therefore denies the same.

12.    The allegations in paragraph 12 of the SAC are insufficiently precise to allow a specific admission or denial.  To the extent a response is required, Coloplast denies the allegations in paragraph 12 of the SAC.

13.    Coloplast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 13 of the SAC and therefore denies the same.  Coloplast further states that the remaining allegations in paragraph 13 of the SAC do not contain allegations of fact and therefore no response is required.  To the extent a response is required, Coloplast denies the remaining allegations in paragraph 13 of the SAC.

## FACTUAL ALLEGATIONS

14.    The allegations in paragraph 14 of the SAC are insufficiently precise to allow a specific admission or denial.  To the extent a response is required, Coloplast Manufacturing US, LLC denies the allegations in paragraph 14 of the SAC as stated.  Coloplast Corp. admits that it generally packaged, labeled, marketed, sold and distributed certain medical devices in the United States, including California.  Coloplast lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 14 of the SAC and therefore denies the same.

15.    Coloplast Manufacturing US, LLC denies the allegations in paragraph

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

15 of the SAC as stated.  Coloplast Corp. admits that it generally packaged, labeled, marketed, sold and distributed certain medical devices, including T-Sling – Universal Polypropylene Sling, Aris-Transobturator Sling System, Supris-Suprapubic Sling System, Novasilk-Synthetic Flat Mesh, Exair-Prolapse Repair System, Restorelle, Omnisure, Altis Single Incision Sling, and Minitape, in the United States, including California.  Coloplast denies any remaining allegations in paragraph 15 of the SAC.

16.    The allegations in paragraph 16 the SAC are insufficiently precise to allow a specific admission or denial.  To the extent a response is required, Coloplast Manufacturing US, LLC denies the allegations in paragraph 16 of the SAC as stated.  Coloplast Corp. admits that it generally packaged, labeled, marketed, sold and distributed certain medical devices to treat pelvic organ prolapse and/or stress urinary incontinence.

17.    The allegations in paragraph 17 of the SAC are not directed to Coloplast and therefore require no response from it.  To the extent a response is required, Coloplast states the allegations in paragraph 17 of the SAC may not be correct or accurate with respect to any particular individual.  Moreover, to the extent those allegations purport to cast liability either directly or indirectly upon Coloplast, those allegations are denied.  Further answering, Coloplast denies the vague, undefined, and generalized allegations in paragraph 17 of the SAC..

18.    The allegations in paragraph 18 of the SAC are not directed to

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

Coloplast and therefore require no response from it.  To the extent a response is required, Coloplast states the allegations in paragraph 18 of the SAC may not be correct or accurate with respect to any particular individual.  Moreover, to the extent those allegations purport to cast liability either directly or indirectly upon Coloplast, those allegations are denied.  Further answering, Coloplast denies the vague, undefined, and generalized allegations in paragraph 18 of the SAC..

19.    The allegations in paragraph 19 of the SAC are not directed to Coloplast and therefore require no response from it.  To the extent a response is required, Coloplast states the allegations in paragraph 19 of the SAC may not be correct or accurate with respect to any particular individual.  Moreover, to the extent those allegations purport to cast liability either directly or indirectly upon Coloplast, those allegations are denied.  Further answering, Coloplast denies the vague, undefined, and generalized allegations in paragraph 19 of the SAC..

20.    Coloplast denies the vague, undefined, and generalized allegations in paragraph 20 of the SAC.

21.    Coloplast denies the allegations in paragraph 21 of the SAC as stated.

22.    Coloplast denies the allegations in paragraph 22 of the SAC.

23.    Coloplast denies the allegations in paragraph 23 of the SAC.

24.    Coloplast denies the allegations in paragraph 24 of the SAC as stated. By way of further answer, Coloplast states that the first sentence of paragraph 24 of the SAC purports to characterize regulatory actions by the FDA, which actions

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

speak for themselves, and Coloplast denies all allegations which are inconsistent with or contradicted by the FDA's actions. The remaining allegations purport to characterize the FDA's regulatory process for approving certain products, a legal conclusion to which no response is required. Coloplast further states that the allegations in paragraph 24 do not fully or accurately describe the FDA's regulatory process, and accordingly denies the allegations in paragraph 24 of the SAC.

25.     The allegations in paragraph 25 of the SAC are not directed to Coloplast and therefore require no response from it. To the extent a response is necessary, Coloplast lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

26.     The allegations in paragraph 26 of the SAC are not directed to Coloplast and therefore require no response from it. To the extent a response is necessary, Coloplast states that the allegations purport to quote and characterize written documents, which documents speak for themselves, and Coloplast denies all allegations inconsistent with or unsupported by these documents. Coloplast lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations and therefore denies the same.

27.     The allegations contained in the first sentence of paragraph 27 of the SAC are not directed to Coloplast and therefore require no response from it. To the extent a response is necessary, paragraph 27 of the SAC is vague, and purports

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

to refer to documents that speak for themselves and should be read in their entirety. Coloplast denies all remaining allegations that are inconsistent with or unsupported by the referenced document.

28.     Coloplast admits, upon information and belief, that the Mentor Aris Transobturator Tape and Surgical Kit was manufactured by ABISS.  Coloplast denies the remaining allegations in paragraph 28 of the SAC as stated.

29.     The allegations in paragraph 29 of the SAC are not directed to Coloplast and therefore require no response from it.  To the extent a response is necessary, Coloplast lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

30.     The allegations in paragraph 30 of the SAC are not directed to Coloplast and therefore require no response from it.  To the extent a response is necessary, Coloplast lacks sufficient knowledge or information to form a belief as to the truth or falsity of the information asserted in the first sentence of paragraph 30, and therefore denies the same.  The allegations in the third sentence of paragraph 30 purport to characterize the regulatory process and decision making of the FDA, and Coloplast denies all allegations inconsistent with or unsupported by the FDA's actions.  Coloplast lacks sufficient knowledge or information to form a belief as to the truthfulness or accuracy of the purported quotation, and accordingly denies the same.

31.     Coloplast states that paragraph 31 of the SAC refers to documents that

9

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

speak for themselves and should be read in their entirety.  To the extent the allegations in paragraph 31 of the SAC are inconsistent with or unsupported by the referenced documents, Coloplast denies the allegations.

32.     With respect to the allegations in the first sentence of paragraph 32 of the SAC, Coloplast admits it began marketing the Exair Prolapse Repair System in May 2009 for use by physicians and other qualified medical professionals to treat conditions, including pelvic organ prolapse, in patients for whom its use was deemed appropriate by their physicians.  The allegations in the second sentence of paragraph 32 purport to characterize the construction and use of the Exair Prolapse Repair System, which descriptions are incomplete and are therefore denied to the extent they purport to be a complete description.  The allegations in the third sentence of paragraph 32 purport to describe the regulatory approval by FDA of this device, which proceedings speak for themselves, and Coloplast denies all allegations inconsistent with or unsupported by those proceedings.

33.     Coloplast admits it received regulatory approval to market the Supris Retropubic Sling System in June 2011, for use by physicians and other qualified medical professionals to treat conditions, including stress urinary incontinence, in patients for whom its use was deemed appropriate by their physicians.  The remaining allegations in paragraph 33 purport to characterize the FDA's basis for its regulatory action, which actions speak for themselves, and Coloplast denies all allegations inconsistent with or unsupported by those proceedings.

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

34.     Coloplast admits it acquired Mpathy Medical Devices ("Mpathy") on October 29, 2010.  Coloplast further states, upon information and belief, the remaining allegations in paragraph 34 of the SAC refer to a website that speaks for itself and should be read in its entirety.  To the extent the remaining allegations in paragraph 34 are inconsistent with or unsupported by the referenced website, Coloplast denies the allegations.

35.     Coloplast admits it received regulatory approval to market the Altis Single Incision Sling System in November 2012, for use by physicians and other qualified medical professionals to treat conditions, including stress urinary incontinence, in patients for whom its use was deemed appropriate by their physicians.  Coloplast further states, upon information and belief, the remaining allegations in paragraph 35 of the SAC refer to a writing that speaks for itself and should be read in its entirety.  To the extent the remaining allegations in paragraph 35 are inconsistent with or unsupported by the referenced writing, Coloplast denies the allegations.  Coloplast lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore denies the same.

36.     The allegations in paragraph 36 of the SAC purport to characterize a website and press release that speak for themselves and should be read in their entirety.  Coloplast further denies the allegations in paragraph 36 because the purported quotation has been altered, is incomplete, and has been taken out of

11
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

context.

37.    The allegations in the first two sentences of paragraph 37 of the SAC purport to characterize an FDA statement, which statement is in writing and speaks for itself and should be read in its entirety, and Coloplast denies all allegations inconsistent with or unsupported by the FDA's statement.  Coloplast is without sufficient information to admit or deny the allegations in the third sentence of paragraph 37 and therefore denies the same.

38.    The allegations in the first two sentences of paragraph 38 of the SAC purport to characterize an advocacy document from a lobbying group, which document is in writing and speaks for itself and should be read in its entirety.  To the extent the allegations in the first two sentences of paragraph 38 are inconsistent with or unsupported by the referenced document, Coloplast denies the allegations. Coloplast is without sufficient information to admit or deny the allegations in the third sentence of paragraph 38 and therefore denies the same.

39.    Coloplast denies the allegations in paragraph 39 of the SAC.

40.    The allegations in paragraph 40 of the SAC are insufficiently precise to allow a specific admission or denial.  To the extent a response is required, Coloplast Manufacturing US, LLC denies the allegations in paragraph 40 of the SAC as stated.  Coloplast Corp. admits that it generally packaged, labeled, marketed, sold and distributed certain medical devices, some of which are used to treat pelvic organ prolapse and/or stress urinary incontinence.  Coloplast denies the

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

remaining allegations in paragraph 40 of the SAC.

41.     Coloplast denies the allegations in paragraph 41 of the SAC.

42.     The allegations in paragraph 42 of the SAC purport to characterize certain statements that speak for themselves and should be read in their entirety. Coloplast further denies the allegations in paragraph 42 because the purported quotation has been altered, is incomplete, and has been taken out of context. Coloplast denies any remaining allegations in paragraph 42 of the SAC.

43.     Coloplast denies the allegations in paragraph 43 of the SAC.

44.     The allegations in paragraph 44 of the SAC purport to characterize certain statements that speak for themselves and should be read in their entirety. Coloplast denies the allegations to the extent they are inconsistent with or unsupported by the referenced statements.  To the extent those allegations purport to cast liability either directly or indirectly upon or allege misconduct on the part of Coloplast, Coloplast denies those allegations.  The remaining allegations in paragraph 44 of the SAC set forth the legal conclusions of the pleading party for which no response is required.  To the extent a response is required, Coloplast denies the remaining allegations in paragraph 44 of the SAC.

45.     Coloplast denies the allegations in paragraph 45 of the SAC, including subparts (a.) through (g.).

46.     Coloplast denies the allegations in paragraph 46 of the SAC.

47.     Coloplast denies the allegations in paragraph 47 of the SAC.

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

48.    Coloplast denies the allegations in paragraph 48 of the SAC.

49.    Coloplast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 49 of the SAC and therefore denies the same.

50.    Coloplast denies the allegations in paragraph 50 of the SAC.

51.    Coloplast denies the allegations in paragraph 51 of the SAC.

52.    Coloplast denies the allegations in paragraph 52 of the SAC.

53.    Coloplast denies the allegations in paragraph 53 of the SAC.

54.    Coloplast denies the allegations in paragraph 54 of the SAC, including subparts (a.) through (n.).

55.    Coloplast denies the allegations in paragraph 55 of the SAC.

56.    Coloplast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 56 of the SAC and therefore denies the same.

57.    Coloplast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 57 of the SAC and therefore denies the same.

58.    Coloplast denies the allegations in paragraph 58 of the SAC.

59.    Coloplast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 59 of the SAC and therefore denies the same.  To the extent the allegations in paragraph 59 are intended to imply that

14

Coloplast either caused or is in any way responsible for the purported injuries referenced therein, Coloplast denies all such allegations.

60.     Coloplast denies the allegations in paragraph 60 of the SAC.

## EQUITABLE TOLLING OF APPLICABLE STATUTE OF LIMITATIONS

61.     Coloplast denies the allegations in paragraph 61 of the SAC.

62.     The allegations in paragraph 62 of the SAC set forth the legal conclusions of the pleading party for which no response is required.  To the extent a response is required, Coloplast denies the allegations in paragraph 62 of the SAC.

63.     The allegations in paragraph 63 of the SAC set forth the legal conclusions of the pleading party for which no response is required.  To the extent a response is required, Coloplast denies the allegations in paragraph 63 of the SAC.

## CLAIMS FOR RELIEF

## COUNT I

## NEGLIGENCE

64.     Coloplast adopts and incorporates by reference its responses to each and every paragraph of the SAC as if fully set forth in this response.

65.     The allegations in paragraph 65 of the SAC set forth the legal conclusions of the pleading party for which no response is required.  To the extent a response is required, Coloplast denies the allegations in paragraph 65 of the SAC.

66.     Coloplast denies the allegations in paragraph 66 of the SAC.

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

67.     Coloplast denies the allegations in paragraph 67 of the SAC.

68.     Coloplast denies the allegations in paragraph 68 of the SAC.

69.     Coloplast denies the allegations in paragraph 69 of the SAC.

70.     Coloplast denies the allegations in paragraph 70 of the SAC.

71.     Coloplast denies the allegations in paragraph 71 of the SAC.

72.     Coloplast denies the allegations in paragraph 72 of the SAC.

73.     Coloplast denies the allegations in paragraph 73 of the SAC.

74.     Coloplast denies the allegations in paragraph 74 of the SAC.

75.     Coloplast denies the allegations in paragraph 75 of the SAC.

76.     Coloplast denies the allegations in paragraph 76 of the SAC.

77.     Coloplast denies the allegations in paragraph 77 of the SAC, including subparts (a.) through (f.).

78.     Coloplast denies the allegations in paragraph 78 of the SAC.

79.     Coloplast denies the allegations in paragraph 79 of the SAC.

80.     Coloplast denies the vague, undefined, and generalized allegations in paragraph 80 of the SAC.

81.     Coloplast denies the allegations in paragraph 81 of the SAC.

82.     Coloplast denies the allegations in paragraph 82 of the SAC.

83.     The allegations in paragraph 83 of the SAC set forth the legal conclusions of the pleading party for which no response is required.  To the extent a response is required, Coloplast denies the allegations in paragraph 83 of the SAC.

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

84.     Coloplast denies the allegations in paragraph 84 of the SAC.

85.     Coloplast denies the allegations in paragraph 85 of the SAC.

## COUNT II

## STRICT LIABILITY: FAILURE TO WARN

86.     Coloplast adopts and incorporates by reference its responses to each and every paragraph of the SAC as if fully set forth in this response.

87.     The allegations in paragraph 87 of the SAC set forth the legal conclusions of the pleading party for which no response is required.  To the extent a response is required, Coloplast denies the allegations in paragraph 87 of the SAC.

88.     Coloplast denies the allegations in paragraph 88 of the SAC.

89.     Coloplast denies the allegations in paragraph 89 of the SAC.

90.     Coloplast denies the allegations in paragraph 90 of the SAC.

91.     Coloplast denies the allegations in paragraph 91 of the SAC.

92.     Coloplast denies the allegations in paragraph 92 of the SAC.

93.     Coloplast lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 93 of the SAC and therefore denies the same.  To the extent the allegations in paragraph 93 are intended to allege any wrongdoing by or liability on the part of Coloplast, Coloplast denies those allegations.

94.     Coloplast denies the allegations in paragraph 94 of the SAC.

## COUNT III

17

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

## BREACH OF EXPRESS WARRANTIES

95.   Coloplast adopts and incorporates by reference its responses to each and every paragraph of the SAC as if fully set forth in this response.

96.   Coloplast denies the allegations in paragraph 96 of the SAC.

97.   Coloplast denies the allegations in paragraph 97 of the SAC.

98.   Coloplast denies the allegations in paragraph 98 of the SAC.

99.   Coloplast denies the allegations in paragraph 99 of the SAC.

100.   Coloplast denies the allegations in paragraph 100 of the SAC.

101.   Coloplast denies the allegations in paragraph 101 of the SAC.

102.   Coloplast denies the allegations in paragraph 102 of the SAC.

103.   Coloplast denies the allegations in paragraph 103 of the SAC.

104.   Coloplast denies the allegations in paragraph 104 of the SAC.

105.   Coloplast denies the allegations in paragraph 105 of the SAC.

## COUNT IV

## BREACH OF IMPLIED WARRANTIES

106.   Coloplast adopts and incorporates by reference its responses to each and every paragraph of the SAC as if fully set forth in this response.

107.   The allegations in paragraph 107 of the SAC are insufficiently precise to allow a specific admission or denial.  To the extent a response is required, Coloplast Manufacturing US, LLC denies the allegations in paragraph 107 of the SAC as stated.  Coloplast Corp. admits that it generally packaged, labeled,

marketed, sold and distributed certain medical devices, some of which are used to treat pelvic organ prolapse and/or stress urinary incontinence. Coloplast denies the remaining allegations in paragraph 107 of the SAC.

108.   Coloplast denies the allegations in paragraph 108 of the SAC.

109.   Coloplast denies the allegations in paragraph 109 of the SAC.

110.   Coloplast denies the allegations in paragraph 110 of the SAC.

111.   Coloplast denies the allegations in paragraph 111 of the SAC.

112.   Coloplast denies the allegations in paragraph 112 of the SAC.

113.   Coloplast denies the allegations in paragraph 113 of the SAC.

114.   Coloplast denies the allegations in paragraph 114 of the SAC.

115.   Coloplast denies the allegations in paragraph 115 of the SAC.

116.   Coloplast denies the allegations in paragraph 116 of the SAC.

## **PRAYER FOR RELIEF**

Plaintiff's "Prayer for Relief" section of the SAC does not contain allegations of fact and therefore no response is required. To the extent a response is deemed necessary, Coloplast denies each and every allegation and assertion listed under the "Prayer for Relief" section of the SAC and denies that Plaintiffs are entitled to any of the relief requested.

## **AFFIRMATIVE DEFENSES**

Discovery and investigation may reveal that one or more of the following additional defenses should be available to Coloplast in this matter. Coloplast

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

accordingly preserves the right to assert these separate and additional defenses. Coloplast further reserves the right to amend its answer and defenses, and to assert additional defenses and other claims, as discovery proceeds.

## FIRST DEFENSE

The SAC fails to state a claim, or claims, upon which relief may be granted against Coloplast.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation, repose, or other periods of limitation applicable to the Plaintiff's claims.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part because the device was not in a defective condition when it left the possession, custody, and control of Coloplast and it was fit and proper for the use for which it was designed and intended.

## FOURTH DEFENSE

The SAC fails to join indispensable parties necessary for the just adjudication of this matter.

## FIFTH DEFENSE

The device, including the methods and techniques of manufacturing, inspection, and testing, that is the subject of this SAC conformed with the state of the art at the time the device was first sold.

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

## SIXTH DEFENSE

The proximate cause of the alleged injuries described in the SAC may have been the use of the device for a purpose, in a manner, or in an activity other than that which was reasonably foreseeable or was contrary to an express or adequate warning appearing on, attached to, and delivered with the device.

## SEVENTH DEFENSE

Plaintiff cannot show that any reasonable alternative design would have rendered the device safer overall.

## EIGHTH DEFENSE

The alleged injuries and damages described in the SAC were the result of Plaintiff's negligence, carelessness, assumption of risk, or otherwise wrongful or unsafe conduct and the damages, if any, should thereby be reduced or eliminated by Plaintiff's percentage of negligence and fault.

## NINTH DEFENSE

The alleged injuries and damages described in the SAC were the result of, and were caused solely and proximately by, the acts, fault, conduct, or negligence of persons or entities other than Coloplast; such negligence, fault, act, or conduct was of a character that is not reasonably expected to happen in the natural sequence of events; and such negligence, fault, act, or conduct was the independent, intervening, and superseding cause and therefore the sole proximate cause of any such damages, thus relieving Coloplast of any liability.

21

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

## TENTH DEFENSE

The alleged injuries and damages described in the SAC were the result of, and were caused by, preexisting physical, medical, or physiological conditions, for which Coloplast has no legal responsibility.

## ELEVENTH DEFENSE

Plaintiff, in consenting to the treatment prescribed by a physician or other medical or healthcare provider, expressly and voluntarily assumed the risk of any injury or adverse effects associated with the device.

## TWELFTH DEFENSE

The learned intermediary doctrine bars the Plaintiff's claims because Coloplast properly warned the physicians of the risks associated with the device.

## THIRTEENTH DEFENSE

Plaintiff's physicians and other medical and healthcare providers and their agents, servants and employees were sophisticated users of the subject device and possessed adequate information concerning warnings, precautions and potential complications for those physicians and other medical and healthcare providers to assess the risks versus the benefits of the subject device before they prescribed and used it.  Therefore, Plaintiff's claims against Coloplast are barred.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred because the benefits of the subject device outweigh the risks, if any, that might be associated with the device.  Any risk could

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

not have been avoided through the use of the highest standards of scientific and technical knowledge available at the time, the benefit provided to users could not be achieved in another manner with less risk, and adequate warnings concerning the risk were provided.

### FIFTEENTH DEFENSE

If the injuries claimed by Plaintiff were related to the use of the device, which is expressly denied, any such injuries were the result of an idiosyncratic or allergic reaction to the device.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred because the device was neither defective nor unreasonably dangerous in its design, manufacture, or marketing and was reasonably safe and reasonably fit for its intended uses, thereby barring Plaintiff's recovery.

### SEVENTEENTH DEFENSE

Plaintiff's claimed damages proximately resulted from alterations or modifications of the device, which were not reasonably foreseeable or were made by a person other than Coloplast and were subsequent to the time of the original sale.  Consequently, the alterations or modifications were the proximate cause of any alleged injuries or damages precluding liability of Coloplast.

### EIGHTEENTH DEFENSE

Plaintiff's damages are subject to set-off, reduction, and related legal

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

principles where such damages are attributable to the fault of others or non-parties.

## NINETEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the warranties and exclusions of warranties provided and offered when the device was purchased.

## TWENTIETH DEFENSE

Plaintiff's claims are barred by the relevant provisions of the Restatement (Third) of Torts, including, but not limited to, the doctrines described in section 6(c) and 6(d) of the Restatement (Third) of Torts: Product Liability.  Reasonable physicians knowing of the reasonably foreseeable risks and therapeutic benefits associated with the device would have prescribed, and did prescribe, the alleged device for the classes of patients to which the Plaintiff belonged.  In addition, Coloplast provided prescribing physicians with the reasonable instructions or warnings regarding foreseeable risks of harm.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred as a matter of law pursuant to relevant provisions of the Restatement (Third) of Torts and the Restatement (Second) of Torts, including, but not limited to, § 402A, comment k.

## TWENTY-SECOND DEFENSE

Coloplast gives notice that to the extent that the sophisticated purchaser doctrine is applicable to any of the allegations in the SAC, Coloplast intends to rely upon same in defense of this action.

24

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

## TWENTY-THIRD DEFENSE

All or some of Plaintiff's claims may be barred by federal preemption, including Title 21, U.S.C. and the 1976 medical device amendments.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because Coloplast did not have a duty to provide any warnings for the device in addition to, or other than, the warnings provided in conformity with federal law and regulations of the federal Food and Drug Administration ("FDA").

## TWENTY-FIFTH DEFENSE

Any claims by Plaintiff relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including the right to petition the government under the First and Fourteenth Amendments to the United States Constitution.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part because the commercial speech relating to the device is protected under the First Amendment of the United States Constitution and the applicable state constitution.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims fail because Plaintiff did not detrimentally rely on any labeling, warnings, or information concerning the subject device.

## TWENTY-EIGHTH DEFENSE

25

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

The warnings and instructions accompanying the device at the time of the occurrence or injuries alleged by Plaintiff were legally adequate warnings and instructions.

### TWENTY-NINTH DEFENSE

Applicable law does not recognize a post-sale duty to warn in the present circumstances.  Accordingly, the SAC fails to state a claim upon which relief may be granted for inadequate post-sale marketing or post-sale duty to warn.

### THIRTIETH DEFENSE

Plaintiff's claims are barred in whole or in part because the Plaintiff failed to exercise reasonable care and diligence to mitigate, minimize, or avoid the alleged injuries and damages, and any recovery which may be awarded to her in this action should be reduced accordingly.

### THIRTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, laches, and waiver.

### THIRTY-SECOND DEFENSE

To the extent that Plaintiff's claims have been settled or Plaintiff will in the future settle with any person or entity with respect to the injuries asserted in the SAC, the liability of Coloplast, if any, should be reduced accordingly.

### THIRTY-THIRD DEFENSE

Collateral sources, managed care discounts, and charitable and/or

governmental benefits received, available, or to be received in the future reduce the Plaintiff's alleged damages.

### THIRTY-FOURTH DEFENSE

This case may be subject to dismissal or transfer under the doctrine of forum *non conveniens*.

### THIRTY-FIFTH DEFENSE

Upon information and belief, each item of economic loss alleged in the SAC was, or with reasonable certainty will be, replaced or indemnified in whole or in part by collateral sources.

### THIRTY-SIXTH DEFENSE

To the extent that Plaintiff's SAC seeks recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the SAC, such benefits are not recoverable in this action under applicable law.

### THIRTY-SEVENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, due to *res judicata*, collateral estoppel, or by release of claims.

### THIRTY-EIGHTH DEFENSE

Coloplast is entitled to and claims the benefits of all defenses and presumptions set forth in or arising from any rule of law or statute in the State of California or any other state whose law is deemed to apply in this case.

### THIRTY-NINTH DEFENSE

27
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

The Plaintiff has failed to plead her fraud and intentional conduct claims with the particularity required under California's and/or any other applicable state's statutory and/or common law.

## FORTIETH DEFENSE

Coloplast denies any conduct for which punitive or exemplary damages could or should be awarded and denies that sufficient evidence has been produced to support or sustain the imposition of punitive damages pursuant to the applicable standards of proof.

## FORTY-FIRST DEFENSE

Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad and would violate Coloplast's constitutional rights as secured by the Fifth and Seventh Amendments to the United States Constitution, would violate its rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States Constitution, and would contravene other provisions of the United States Constitution and any applicable state constitution.

## FORTY-SECOND DEFENSE

Plaintiff cannot recover punitive or exemplary damages against Coloplast because such an award, which is penal in nature, would violate Coloplast's constitutional rights under the United States Constitution and any applicable state

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

constitution, unless Coloplast is afforded the same procedural safeguards as are criminal defendants, including but not limited to the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

## FORTY-THIRD DEFENSE

Any imposition of punitive or exemplary damages in this case would contravene the Commerce Clause of the United States Constitution, in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

## FORTY-FOURTH DEFENSE

With respect to Plaintiff's demand for punitive or exemplary damages, Coloplast specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under applicable state law or other applicable law.

## FORTY-SIXTH DEFENSE

Any award of punitive or exemplary damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of No. America v. Gore,* 116 U.S. 1589 (1996) (as extended by *Cooper Indus. v. Leatherman Tool Group*, 2001 W.L. 501732 (U.S. May 14, 2001), *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003), and *Exxon Shipping Co. v. Baker*, 128 S. Ct.

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

2605 (2008)).

## FORTY-SEVENTH DEFENSE

No act or omission of Coloplast caused or contributed to Plaintiff's alleged injuries.  Further no act or omission of Coloplast was fraudulent, willful and malicious, and done with a conscious disregard for the rights of Plaintiff and others, as alleged in the SAC.  No act or omission of Coloplast was fraudulent, malicious, or grossly negligent.  Accordingly, Plaintiff's SAC fails to state a claim upon which relief can be granted for punitive or exemplary damages.

## FORTY-EIGHTH DEFENSE

Plaintiff's claims for injunctive or other equitable relief are barred because there is an adequate remedy at law.

## FORTY-NINTH DEFENSE

Coloplast is unaware at this time of any settlements by any alleged joint tortfeasor.  In the event any settlement has been or will be made by any alleged joint tortfeasor, then Coloplast is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Coloplast makes known to the other parties and to the Court that it will avail itself of its rights.

## FIFTIETH DEFENSE

To the extent that Plaintiff's pleas for punitive damages expose Coloplast to double jeopardy or call for Coloplast to be punished more than once for the same

conduct, Plaintiff's pleas violate Coloplast's rights under the Fifth and Fourteenth Amendments of the United States Constitution.

### FIFTY-FIRST DEFENSE

To the extent that Plaintiff seeks punitive damages, either unlimited or limited, the SAC seeks excessive fines in violation of Coloplast's rights provided in the Eighth and Fourteenth Amendments of the United States Constitution.  Any award of punitive damages is also excessive under those constitutional provisions to the extent that it does not bear a reasonable relation to the injury, harm, and damages actually suffered by the Plaintiff.

### FIFTY-SECOND DEFENSE

To the extent that Plaintiff's SAC seeks recovery of punitive damages, it also violates Coloplast's rights to contract, as provided in Article I, Section 10 of the United States Constitution.

### FIFTY-THIRD DEFENSE

An award of punitive damages based on conduct or acts committed by those who are not Coloplast's vice-principals would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the common law and public policies of the State of California and would be erroneous.

### FIFTY-FOURTH DEFENSE

Any award of punitive damages based on anything other than Coloplast's conduct as alleged in the SAC would violate the Due Process Clause of the

31

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

Fourteenth Amendment to the United States Constitution and the common law and public policies.  Any other basis for awarding punitive damages in this case would not protect Coloplast against impermissible multiple punishment for the same wrong.

### FIFTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, for a lack of personal or subject matter jurisdiction.

### FIFTY-SIXTH DEFENSE

The injuries or damages sustained by the Plaintiff, if any, can be attributed to several causes, and accordingly, should be apportioned among the various causes according to the respective contribution of each such cause to the harm sustained.

### FIFTY-SEVENTH DEFENSE

As to Plaintiff or to any other entity or person whose conduct or intervening negligence resulted in the alleged injuries and/or damages of Plaintiff, if any, Coloplast expressly pleads the doctrines of comparative fault and/or comparative negligence, as well as the provisions of any applicable comparative fault and/or comparative negligence and/or contributory negligence statute, law, or policy of Calif and any other applicable state.

### FIFTY-EIGHTH DEFENSE

The injuries or damages sustained by the Plaintiff, if any, can be attributed to several causes, and accordingly, should be apportioned among the various causes

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

according to the respective contribution of each such cause to the harm sustained.

## FIFTY-NINTH DEFENSE

Coloplast reserves the right to raise any additional defenses as may be revealed by discovery in this matter.

## SIXTIETH DEFENSE

Coloplast reserves all available defenses permitted by the applicable law.

## SIXTY-FIRST DEFENSE

Coloplast hereby gives notice that it intends to rely upon and incorporates by reference any affirmative defenses that may be asserted by any co-defendant in this lawsuit.

## SIXTY-SECOND DEFENSE

Defendant Coloplast is entitled to and claims the benefits of all defenses and presumptions set forth in or arising from any rule of law or statute in the State of California or any other state whose law is deemed to apply in this litigation.

## DEMAND FOR JURY TRIAL

Coloplast demands trial by jury on all issues so triable.

WHEREFORE, defendants Coloplast Corp. and Coloplast Manufacturing US, LLC request that judgment be entered dismissing Plaintiff's Second Amended Complaint for Damages with prejudice and awarding defendants Coloplast Corp. and Coloplast Manufacturing US, LLC all costs, disbursements, and further relief

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

1 | permitted by law.
2
3
4 | DATED:  February 25, 2019          **KING & SPALDING LLP**
5
6 |                                    By:  /s/ William E. Steimle
7 |                                         Donald F. Zimmer, Jr.
   |                                         William E. Steimle
8
9 |                                    Attorneys for Defendants
   |                                    COLOPLAST CORP. and
10|                                    COLOPLAST MANUFACTURING
   |                                    US, LLC
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

34

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR
DAMAGES

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel for Defendants hereby certifies that a true and correct copy of the foregoing document was filed with the Court and served electronically through the CM-ECF (electronic case filing) system to all counsel of record to those registered to receive a Notice of Electronic Filing for this case on February 25, 2019.


<u>/s/ William E. Steimle</u>
William E. Steimle

Attorney for Defendants
COLOPLAST CORP. AND
COLOPLAST MANUFACTURING
US, LLC